IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LAMONTE L. CURRIE,

                Plaintiff,

v.

T. MASSEN,

                Defendant.

OPINION and ORDER

22-cv-622-jdp

---

      Pro se plaintiff and prisoner Lamonte Currie alleges that defendant T. Massen, the health services manager at Jackson Correctional Institution, violated his rights by failing to take reasonable precautions to prevent him from contracting COVID-19. Dkt. 1. Currie has made initial partial payment of the filing fee, as directed by the court. Dkt. 7. The next step is to screen Currie's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2), 1915A. When screening a pro se litigant's complaint, I construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). But Currie must allege enough facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

      Currie alleges that Massen did not test every person in his unit for COVID-19, ignoring the risk that some persons who were not tested were infected. As a result, Currie was exposed to COVID and later contracted it, which caused him "major respiratory problems." Dkt. 1, at 3. He alleges that Massen did not follow CDC guidelines for testing and quarantining.

Under the Eighth Amendment, prison officials cannot consciously disregard conditions that pose a risk of serious harm to an inmate. *Farmer v. Brennan*, 511 U.S. 825, 829 (1994). The Court of Appeals has described this standard as a "high hurdle" because it requires prisoners to show "something approaching a total unconcern for the prisoner's welfare in the face of serious risks." *Rosario v. Brawn*, 670 F.3d 816, 821 (7th Cir. 2012).

In other cases, this court has concluded that the risk of contracting COVID can pose a serious risk of harm to inmates. *See Coates v. Mahoney*, No. 20-cv-600-wmc, 2021 U.S. Dist. LEXIS 88661, at *4 (W.D. Wis. May 10, 2021). But Currie's complaint does not show that Massen disregarded the risk that Currie would contract COVID. The allegation that Massen tested some, but not all, of the inmates in Currie's unit does not demonstrate total unconcern for Currie's welfare. Currie does not allege any facts suggesting that there was a significant likelihood that the inmates she did not test were, in fact, contagious with COVID-19. And even if Massen did not follow CDC guidance, "CDC Guidelines—like other administrative guidance—do not themselves set a constitutional standard." *Mays v. Dart*, 974 F.3d 810, 823 (7th Cir. 2020).

Although Currie alleges that Massen's testing protocols were insufficient, he does not allege facts to suggest that her decision violated the Constitution. *See Peate v. McCann*, 294 F.3d 879, 882 (7th Cir. 2002) ("the mere failure of the prison official to choose the best course of action does not amount to a constitutional violation."). Accordingly, I will dismiss his complaint without prejudice for failure to state a claim. I will give Currie an opportunity to amend his complaint to allege facts showing that Massen consciously disregarded a substantial risk of harm to him.

ORDER

IT IS ORDERED that plaintiff Lamonte Currie may have until March 6, 2023, to file an amended complaint addressing the issues identified in this opinion. If Currie does not file an amended complaint by that date, the case will be dismissed.

Entered February 13, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge